(112 App. Div. 649)

## In re SANDS.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. DISCOVERY—EXAMINATION OF PARTIES BEFORE TRIAL—ORDER—CONSTRUCTION.

Where, on an application for the examination of the officers of certain boat companies before trial, the affidavits failed to disclose that plaintiff had any cause of action against the E. Boat Company, and for that reason the order granting an examination of the officers of the H. Boat Company was specially limited and restricted to the transactions between plaintiff and it, such restriction was merely to prevent a direct examination concerning the affairs of the E. Boat Company, with a view to ascertaining whether or not the applicant had a cause of action against it, and

could not be relied on to enable the officers of the H. Boat Company to refuse to disclose facts essential to enable the applicant to frame his complaint as against it; though the examination incidentally might develop facts which would indicate that a cause of action also existed against the other company.

2. SAME—PROCEDURE.

An order for discovery to enable plaintiff to file a complaint, directing a witness to answer questions in writing, and verify the same before a notary public, and then file the answers with the clerk of the court, and serve a copy on the applicant's attorney, was erroneous, and should be so modified as to require the witness to appear before the court at special term, or before a referee at a time and place specified, to answer the questions.

Appeal from Special Term.

Application by Francis P. B. Sands for an order to examine the Electric Boat Company and the Holland Torpedo Boat Company, in an action to be brought, by an examination of its books and papers, and by the taking of testimony of certain officers of both companies. From an order requiring one Frost, a director of both companies, to answer certain questions, the boat companies and others appeal. Modified and affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Delancey Nicol, for appellants.
James C. Bergen, for respondent.

LAUGHLIN, J. On a former appeal herein (98 App. Div. 148, 90 N. Y. Supp. 749) this court held that the applicant, Sands, failed to state a cause of action against the Electric Boat Company, and that therefore he was not entitled to an examination of that company. It appeared that Rice was president and Frost was a director of each company. The alleged cause of action is for commissions on sales of submarine boats to the Russian government during the war between Russia and Japan. It was contended on the argument of the former appeal and on the settlement of the order that, in view of the intimate relations between the Holland Torpedo Boat Company and the Electric Boat Company, and the knowledge of the officers to be examined concerning the affairs of each, there was grave danger that the public interests, as well as the interests of the Electric Boat Company, might be injuriously affected unless the examination were strictly limited to the transactions had directly by and with the Holland Torpedo Boat Company. It was also contended that, unless the examination were so restricted, an effort might be made to discover a cause of action against the Electric Boat Company, and thereby supply a defect in the moving papers. With a view to protecting the Electric Boat Company from a public disclosure of its business transactions in the premises, and to preventing the applicant from conducting an examination in order to discover whether or not he had a cause of action against it, in the order of this court made on that appeal, the examination of the Holland Torpedo Boat Company and its officers, who were also officers of the Electric Boat Company, was specially limited and restricted. The refusal to answer many of the questions propounded shows that

the Holland Torpedo Boat Company and its officers have endeavored to take advantage of these provisions of the order for the purpose of preventing the applicant from obtaining the necessary facts to enable him to frame a complaint in an action against the company the examination of which was authorized. In the limitations and restrictions contained in the former order of this court, of course, it was not intended to grant immunity to the Holland Torpedo Boat Company, as appears to have been assumed by its counsel, from an examination into all the facts essential to enable the applicant to frame his complaint setting forth his cause of action against it, even though such examination incidentally developed the facts that would indicate that the applicant also had a cause of action against the Electric Boat Company. It was merely intended to prevent a direct examination concerning the affairs of the Electric Boat Company, with a view to ascertaining whether or not the applicant had a cause of action against it.

We have examined the numerous questions which were propounded to the witness Frost, and which he declined to answer, and which he was directed by the Special Term to answer, and are of opinion that they were all pertinent to the examination authorized by the former order, and were material to the ascertainment of facts essential to framing a complaint against the Holland Torpedo Boat Company. The order of the Special Term, however, directed that the witness answer the questions in writing, and verify the same before a notary public, and then file the answers with the clerk of the court, and serve a copy on the attorney for the applicant. There is no authority for this provision of the order, and the order should be modified by eliminating it, and substituting in place thereof a provision requiring the witness to appear before the court at Special Term, Part 2, or a referee at a time and place specified, and answer the questions, and all other questions necessary to elicit the facts essential to enable the applicant to frame his complaint in an action against the Holland Torpedo Boat Company; and, as so modified, the order should be affirmed, without costs. All concur.